## Prowse v. Henderson.

(Decided October 16, 1913).

## Appeal from Christian Circuit Court.

1. Vendor and Purchaser—Sale of Standing Timber.—The vendor of timber standing on land having undertaken to show the vendee approximately where the lines were, is not responsible if the lines he pointed out were approximately correct; and the deficiency in the timber was not greater than might reasonably be within the contemplation of the parties under the circumstances.

2. Instructions—Failure to Define "Approximately"—Not Ground for Reversal.—The failure of the court to define what was meant by the word "approximately" will not be ground for reversal, neither party asking that a further instruction be given, as the jury would naturally regard a material deficiency as not an approximately correct location of the lines.

3. Judgment—Instructions.—A judgment will not be reversed for an instruction which under all the evidence was not prejudicial to the substantial rights of the appellant.

C. H. BUSH and BREATHITT & BREATHITT for appellant.

JOHN C. DUFFY and FOWLER & WHITE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

E. D. Henderson owns a farm of 432 acres in Christian County; by a written contract, he sold to John P. Prowse the timber on the farm for $10,000. Prowse brought this suit against Henderson charging that Henderson showed him the boundaries of the tract, and that he bought the timber within the boundaries so shown him by Henderson, but that Henderson did not show him the true boundaries of the land; that when the land was surveyed there were 235 trees which were within the boundaries which Henderson showed him, and outside of the real boundaries of Henderson's tract; and that these trees were of value $587.50. Henderson filed an answer denying the allegations of the petition, and the case was heard before a jury. The proof on the trial showed that two of the lines of the Henderson tract were not marked. The corner at one end of the line was established but the lines each ran through a forest from this corner to a point in a line of a neighbor, indicated in the deed by a stake. The trouble arose over these two lines. The proof for Prowse was to the effect that Hen-

derson told Prowse he knew where the lines of the tract were and took him along and showed him different objects along the line, telling him the lines ran by these objects, and that the lines so shown by Henderson would include the trees in controversy. On the other hand the proof for Henderson was to the effect that he told Prowse he could show him approximately where the lines were, and that he and Prowse walked through the woods together, he going as near the line as he could, so as to give Prowse an approximate idea where the line was, and that there was no great difference between the lines which Henderson showed and those afterwards established by the survey. The jury found for Henderson and the court having entered judgment on the verdict, Prowse appeals.

The chief complaint on the appeal is that the court misinstructed the jury. The court in effect instructed the jury as follows:

1. If the defendant pointed out and stated to the plaintiff where the corners and lines were located, and his statements were positive and unequivocal as to the location of the lines and corners, they should find for the plaintiff.

2. But if the defendant did not point out and state positively where the lines and corners were located, but represented to the plaintiff that he could show him about where the true corners and lines were, or approximately so, and in fact did show to the plaintiff about where the corners and lines were located, or approximately so, they should find for the defendant.

It is earnestly insisted that the second instruction is erroneous. This was the defendant's defense. He testified to these facts, and there was not a little in the plaintiff's testimony that gave color to his evidence. Any timber man knows how difficult it is to follow a straight line when walking through the woods, and Prowse must have known that Henderson could only approximate the lines, one of which was 150 poles long, there being no marks to guide him. If Henderson only undertook to show Prowse approximately where the lines and corners were, and did show him approximately where the lines were, Prowse has no cause of complaint unless a mistake was made greater than might reasonably be contemplated by the parties under such conditions. Under the evidence for Henderson there was little merchantable timber between the lines Henderson showed and

those established by the survey. Under this evidence the discrepancy was not material. The evidence for Prowse showed the discrepancy to be much larger; but a jury of practical men are peculiarly fitted to pass on such a question. They evidently concluded from all the evidence that the discrepancy was not greater than a man of ordinary prudence might reasonably have anticipated under the circumstances; and while the verbiage of the instructions might have been improved so as to inform the jury that this was what was meant by the words *about* and *approximately,* neither side asked that this be done; and a jury of business men would not give the instructions any other meaning; for they would naturally apply their own practical experience in determining whether Henderson approximately located the lines correctly, and they would have regarded a material discrepancy as not a correct approximate location.

We have held in sales of land that no recovery ordinarily may be had for a mere mistake less than 10 per cent. The mistake here, under the evidence for Prowse, was about 5 per cent. If Prowse had desired to know exactly where the lines were, he could have had them run out before purchasing. He was bound to know that the location of the lines by walking through the woods would be only an approximation, and on the whole record we do not see that any such mistake was made as would warrant us in disturbing the verdict of the jury.

Some complaint is made of an instruction given by the court on a counterclaim filed by Henderson in regard to the cutting of a corner tree by Prowse, but in view of the whole record and the finding of the jury, we do not think the substantial rights of the plaintiff were prejudiced by it.

Some complaint is also made that two of the jurors were akin to Henderson, and that the circuit court erred in not granting a new trial on this ground; but the weight of the evidence sustains the conclusion of the circuit court that the jurors were not related to him.

Judgment affirmed.